### A. J. LUCE HOP CO. v. MEEKER et al.

(Circuit Court, D. Oregon. April 17, 1901.)

1. EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.
   A bill alleged that complainant, by a contract with defendant, purchased the entire crop of hops to be raised by defendant the ensuing season, and made advances thereon to enable defendant to raise and secure the crop, the agreement being that complainant should market the same, and that, after the advances were deducted, the remainder should be equally divided between the parties; that defendant had refused to deliver the hops, but had secreted the same and falsely understated the amount. An injunction was prayed to restrain defendant from disposing of such hops. *Held*, that the bill stated a cause of action in equity for an accounting and division of the profits in accordance with the contract; that the allegation of ownership in complainant was merely inci-

dental to such relief, and did not restrict complainant to its remedy at law by replevin or trover,—the entire facts alleged, in effect, making the parties partners in the profits of the crop.

2. CONTRACTS—CONSTRUCTION.

By a contract, complainant agreed to purchase a crop of hops to be raised by defendant, and to advance, as required to enable defendant to secure the same, seven cents per pound; the proceeds of the hops, when sold by complainant, above the amount of the advances, to be equally divided between them. The contract further provided that defendant might, at his option, retain half the crop, by paying to complainant seven cents per pound for the same. Defendant obtained advances to an amount considerably exceeding seven cents per pound on the crop actually raised, and afterwards sought to exercise his option to retain half the crop by paying the sum of seven cents per pound to complainant. *Held*, that the contract contemplated an equal division of the profits, and that defendant could not exercise his option to retain half the crop in specie without repaying one-half of the advances actually received.

In Equity. Suit for enforcement of contract.

Dolph, Mallory, Simon & Gearin, for complainant.
Pipes & Tifft, for defendants.

BELLINGER, District Judge. The defendant Hirschberg is the owner of a hop yard near Independence, Or., which was leased to the defendant Meeker for the year 1900. Hirschberg was to receive one-fourth the crop raised, as rental. It is alleged in the complaint that Meeker, being without the necessary means to cultivate and to care for the crop, entered into a contract in writing with the Luce Hop Company whereby, in consideration of the sum of $1,000 to him paid as an advance, he sold and conveyed unto the company the entire three-fourths of the crop for the season of 1900, upon these conditions, among others: That Meeker should deliver all the hops subject to the contract at the Southern Pacific Railroad station at Independence, Or. That the complainant was to pay in advance to Meeker the sum of 7 cents per pound for each pound of hops so delivered,—such advances to be without interest,—and from time to time, as required, to harvest, pick, bale, and deliver said hops. These payments were to be made as follows: $1,000 in advance, on signing the contract; $1,000 May 1, 1900; $400 August 1, 1900; the balance due at and during the harvest, as required to pay the expenses of securing the crop. That the complainant should market the entire product of the crop growing upon the premises, and, after deducting the amounts advanced from the net sales of said hops, the residue should be equally divided between Meeker and the complainant. That Meeker should have the right to retain one-half of said crop, provided he elected to do so on or before the 1st day of November, 1900, and at the same time paid to the complainant, cash in hand, 7 cents per pound for said hops so retained, and that upon said retention and payment said hops should become the property of Meeker. That all moneys to become due to Meeker after the payment of complainant's claims on the agreement were to be paid to the defendant the Independence National Bank. In pursuance of this agreement, the complainant advanced moneys to Meeker, from time to time, aggregating a total of $8,400. The complaint alleges that the total

hop crop raised on the premises for that year was 177,777 pounds, of which, after deducting the one-fourth belonging to Hirschberg as rental, there remained 133,333 pounds subject to the contract between the complainant and Meeker, the profits of which were to be equally divided between them. The complaint alleges that Meeker failed and refused to deliver any part of the hop crop at the railroad station in Independence as he had contracted to do, more than 211 bales, and that on the 20th day of October, 1900, said Meeker, pretending to exercise his option to retain one-half of the said three-fourths of said hop crop, and with intent to cheat and defraud the complainant out of a large amount of said hops, falsely pretended and represented that the entire product of said hop yards for the season of 1900 was 103,072 pounds, and no more, and that, after deducting therefrom the one-fourth interest of Hirschberg, there remained subject to said contract 77,304 pounds of hops, and no more; and it is alleged that thereupon Meeker pretended and represented that one-half of said crop covered by said agreement was 38,652 pounds, and no more, and then offered to pay to complainant the sum of $2,705.64, and no more,—that being 7 cents per pound for the said 38,652 pounds of hops so claimed and pretended by Meeker to be one-half of the crop covered by the contract,—and that thereafter, without the authority and knowledge of the complainant, Meeker pretended to have sold the one-half of said hop crop to the Independence National Bank, which bank claims to own said hops by reason of said pretended purchase, and offered to pay to the complainant said sum of $2,705.64, which offer was refused. It is alleged that Meeker, Hirschberg, the said national bank, and other persons have conspired together to wrong and injure the complainant, and to that end have secreted the hops subject to the said contract, and denied to the complainant all access to and all control over the same, and threaten to, and, unless restrained by the order of the court, will, sell the said hops, and remove the same beyond the control of the complainant, and out of the jurisdiction of this court. Pending this suit, upon an order of the court therefor, entered in pursuance of a stipulation between the parties, the crops in controversy were sold to the complainant for 12¾ cents per pound, and of the purchase price there was deposited in court $2,250.66 by the complainant pending the determination of the suit.

The defendants contend that, upon the facts alleged in the complaint, the complainant, as the owner of the hops in question, could have brought its action for replevin or trover upon refusal of the defendants to deliver the same, and that, the complainant having a complete and adequate remedy at law, the case is not one for equitable relief, and therefore the complainant's bill should be dismissed. It is true that the complainant claims to be the owner of the hops in question, but the object of the suit is not the recovery of the possession of the hops. The averment of ownership is a mere statement of a fact material in the case, not necessarily decisive of the right to the equitable relief claimed. The complaint alleges that the complainant and Meeker became and were partners in the profits which might arise from the sale of the hops at a price in excess of 7 cents

per pound. The bill is brought for the purpose of affording the complainant an opportunity to examine the hops in the place where they are stored, and to market the same for the purpose of ascertaining and dividing the profits arising from the sale thereof in accordance with the terms of the contract, and for such other and further relief as the circumstances of the case may require. It does not follow that, because the complainant is the owner of the legal title to the property in the profits arising from which he concedes an interest in his adversary, he is thereby precluded from bringing a suit in equity for the purposes of an accounting and a division of the profits in such property. This is what the comp'' inant seeks, and its reliance upon the legal title, so far as it relies upon it at all, is merely a means to the end of such accounting and division. The trouble in the case grows out of the fact that the advance made to Meeker of 7 cents per pound under the contract was for an estimated crop of at least 120,000 pounds, while the actual crop, so far as appears, was but a little above 77,000 pounds. By tendering to the complainant 7 cents per pound upon one-half of the actual crop, for the purpose of retaining ownership in that half, while at the same time retaining the advances actually made upon such half, Meeker would be placed in a position of undue advantage over the complainant. The answer admits that the profits of the crop would have had to be equally divided between the hop company and Meeker, had it not been for the exercise by Meeker of his option to retain one-half of the crop on the payment of 7 cents per pound for the hops so retained. Upon such a division of profits the account would have stood thus:

Total crop for division under the contract, 78,284 pounds. There
was realized for these hops 12¾ cents per pound................ $9,981 21
Deduct advances by complainant .................................. 8.400 00
Leaving the amount to be divided as profits ..................... 1,581 21
Share of each party .............................................. 790 60

But, if Meeker's attempt to exercise his option is maintained, the account will stand thus:

Amount realized for hops ........................................ $9,981 21
Amount necessary to be returned by Meeker as advances on 39,142
pounds of hops ................................................ 2,739 94
Which sum, deducted from $4,990.60, being half of the amount realized for the entire crop, leaves a profit to Meeker of $2,250.66.... 2,250 66

Amount advanced by the complainant ............................. $8.400 00
Amount tendered by Meeker on the half retained by him ......... 2,739 94
Proceeds of the remaining half of the crop ..................... 4,990 60
Total amount realized by the complainant ....................... 7,730 54
Loss to complainant ............................................ 669 46

It clearly appears from the terms of the contract, and is admitted by the defendants, that the parties intended an equal division of profits. The option to Meeker to retain one-half of the crop upon payment of 7 cents per pound to the complainant was intended to permit a division of the crop, instead of the proceeds. It assumed that the advances made by the complainant would be upon the basis of 7 cents per pound upon the crop, but, instead of this, the defendant Meeker actually received a much larger sum. The complainant was required to advance upon the crop of 78,284 pounds $5,479.88. It advanced

instead $8,400. To permit Meeker, after receiving $8,400 as an advance of 7 cents per pound upon the crop, to retain one-half of the crop as his interest upon repaying to the complainant $2,739.94, would operate as a fraud on the latter. (The tender actually made was $2,706.97, an insufficient amount in any view of the case.) I am of the opinion that Meeker was required, as a condition to the exercise of the option to retain one-half of the crop, to repay at least what complainant had advanced to him on account of the hops so retained. It is the intention of the contract to require a payment of the amount advanced on the hops retained, as a condition to Meeker's right to exercise the option in question. The amount to be repaid is stated as 7 cents per pound, because that was what complainant was required to advance, and what, as I assume, it intended to advance. In no event could Meeker retain half the crop unless he repaid to the complainant on the basis upon which he received these advances. He must, in other words, offer to pay upon the basis of a crop of 120,-000 pounds, since he collected advances upon such an estimate. He will not be allowed to say that he received more than he was entitled to, for the purpose of justifying his retention of half the crop on the tender made. In other words, he must offer to repay according to the measure by which he was paid.

The answer of the bank and of Hirschberg shows that they had knowledge of this contract, and of the conditions upon which Meeker's right to the hops which he attempted to sell to the other defendants depended. They therefore took with notice, and their rights are no greater than those of the defendant Meeker.

Out of the $2,250.66 deposited in court, the complainant is entitled to be paid the sum of $1,460.06, with its costs in this suit. The defendant the Independence National Bank is entitled to the residue.